UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE M. BURRUS,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE (USDA) FOREST SERVICE, *et al.*,<br><br>  Defendants. | Case No. 2:20-cv-00845-KJM-JDP (PS)<br><br>ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE AGAINST DEFENDANTS AND DIRECTING SERVICE<br><br>ECF No. 1<br><br>ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2 |

Plaintiff Joyce M. Burrus is proceeding without counsel[1] in this action brought under the Privacy Act of 1974, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").[2]  ECF No. 1 at 3.  This matter is before the court on plaintiff's motion to proceed without prepayment of filing fees, ECF No. 2, and for screening, 28 U.S.C. § 1915(a).  Plaintiff's

---

[1] This matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

[2] Plaintiff also asserts that she brings her case under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  Declaratory judgment is appropriate when it will terminate a controversy.  Thus, it would be premature to consider declaratory judgment before the complaint has been answered.  *See, e.g.*, *Lijoi v. Cont'l Cas. Co.*, 414 F. Supp. 2d 228, 246-48 (E.D.N.Y. 2006).

1

1  affidavit satisfies the requirements to proceed without prepayment of fees.  ECF No. 2.  Thus, I
2  will proceed to screening.

3       For various periods of time during 2012 to 2013 and 2015 to 2018, plaintiff, who works
4  for defendant U.S. Forest Service ("Forest Service"), a component of the U.S. Department of
5  Agriculture, was approved to participate in the Voluntary Leave Transfer Program ("VLTP"),
6  allowing her to take extended leaves of absence to care for her spouse, who had cancer.  *Id.* at 5-
7  6.  In September 2016, plaintiff's work email account was deactivated.  *Id.* at 6.  That same
8  month, plaintiff submitted, at the request of her supervisor, defendant Lois Lawson, a notification
9  of option to continue her Federal Employees Health Benefits while she was in a non-pay or leave
10  without pay status.  *Id.*  However, plaintiff found that her health benefits were cancelled when she
11  tried to obtain a prescription on May 23, 2017.  *Id.*  Plaintiff was not notified of this cancellation
12  ahead of time, and her attempts to resolve it with defendants were not successful.  *Id.* at 6-7.
13  Plaintiff's health care benefits were not restored, and plaintiff had to pay out of pocket for her
14  spouse's medical care until his death a year later.  *Id.* at 7.

15       Plaintiff was informed on August 1, 2017 that she owed the government for a salary
16  overpayment.  She attempted to resolve this issue through the administrative process, but her
17  request was ignored.  *Id.* at 7.  On March 12, 2018, plaintiff was informed by defendant Rene
18  Archer, a benefits specialist, that she owed the government for paid health care premiums in the
19  amount of $19,000.  *Id.* at 8.  Defendant Archer also told plaintiff that her health benefits had
20  been restored as of October 2017.  *Id.*  Plaintiff's insurance company, however, told plaintiff that
21  her benefits were never restored.  *Id.*

22       Plaintiff wanted to retire, but she could not do so because of these unresolved employment
23  issues.  Instead, she spent years communicating with defendants and trying to reach a resolution.
24  During that time, plaintiff was given conflicting information, told to contact multiple individuals
25  who did not help resolve her issues, and billed for health insurance that she was not enrolled to
26  use.  Plaintiff's efforts were unsuccessful, and on January 24, 2020, she finally received a partial

27

28

adverse decision.[3] Plaintiff still has not received some of the requested records and documents regarding her employment issues, and her health insurance coverage has not been reinstated. Plaintiff now brings this lawsuit against the Forest Service and various government employees involved in this morass.

The Privacy Act regulates the way that Federal agencies manage their records. 5 U.S.C. § 552(a). The Act "provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements." *Doe v. Chao*, 540 U.S. 614, 618 (2004). Equitable remedies, in the form of correcting improper documentation or allowing individuals to inspect records kept regarding themselves, are available. 5 U.S.C. §§ 552a(g)(1)(A)-(B). Damages are also available when the agency's failure to maintain an adequate record or otherwise comply with the Act adversely affects individuals. 5 U.S.C. §§ 552a(g)(1)(C)-(D); *Chao*, 540 U.S. at 619.

FOIA generally provides any person with the statutory right, enforceable in court, to obtain access to government information in executive branch agency records. 5 U.S.C. §§ 552(a)(2), (a)(4). This right to access is limited by nine exemptions, each of which establishes a category of information protected from disclosure. 5 U.S.C. § 552(b).

Here, plaintiff alleges multiple violations of the Privacy Act and FOIA that may entitle her to equitable relief and damages if proven. Thus, the court orders that this case proceed on plaintiff's complaint filed March 13, 2020, against defendants Forest Service, Victoria Christiansen, Dwayne E. Brown, Patrick M. Petracca, Theodore Gutman, Lois Lawson, and Mark D. Green.

Accordingly, it is hereby ordered that:

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is granted.
2. Service is appropriate for defendants:
    a. United States Department of Agriculture Forest Service,

---

[3] Plaintiff lays out detailed allegations of communications with each of the individual defendants that are too lengthy to reiterate here. *See generally* ECF No. 1. Plaintiff also attaches copies of written communications to her complaint as exhibits.

    b. Victoria Christiansen, Chief

    c. Dwayne E. Brown, Branch Chief, Pay, Leave & Personnel Action Processing

    d. Patrick M. Petracca, Branch Chief, Benefits, Retirements & Worker's Compensation,

    e. Theodore Gutman, Director, Washington Office Civil Rights,

    f. Lois Lawson, Deputy Director Civil Rights, and

    g. Mark D. Green, Director, Human Resources Management.

  2. The Clerk of Court shall send plaintiff one USM-285 form per defendant, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

  3. Plaintiff is advised that the U.S. Marshal will require:

    a. one completed summons for each defendant;

    b. one completed USM-285 form for each defendant;

    c. a copy of the complaint for each defendant, with an extra copy for the U.S. Marshal; and,

    d. a copy of this court's scheduling order and related documents for each defendant.

  4. Plaintiff shall supply the U.S. Marshal, within 14 days of the date when this order is filed, all information needed by the Marshal to carry out service of process, and shall, within 14 days thereafter, file a statement with the court verifying that this information been submitted to the U.S. Marshal.

  5. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.  The U.S. Marshal shall, within 14 days thereafter, file a statement with the court that the appropriate documents have been served.  If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

  6. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501

4

"I" Street, Sacramento, CA 95814 (tel. 916/930-2030).

    7. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    January 27, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE