UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE M. BURRUS,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF AGRICULTURE (USDA) FOREST SERVICE, et al.,<br><br>  Defendants. | No. 2:20-cv-00845-KJM-JDP (PS)<br><br>ORDER |

     On September 9, 2022, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff filed objections on September 23, 2022, which the court has considered.

     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.  The court writes separately to explain why the court overrules plaintiff's objections to the findings and recommendations.

/////

1

1    First, plaintiff objects to the Magistrate Judge's recommendation to dismiss her first four claims as preempted under the Civil Service Reform Act. *See* Objs. at 14, 16–17. She argues her complaint, if read as a whole, meets the standard the Supreme Court set for motions to dismiss under Rule 12(b)(6). Her claims are preempted even if they meet that standard. *See Orsay v. U.S. Dep't of Just.*, 289 F.3d 1125, 1128 (9th Cir. 2002) ("If the conduct . . . falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [the] only remedy . . . ."), *abrogated in part on other grounds by Millbrook v. United States*, 569 U.S. 50 (2013).

Second, plaintiff objects to the Magistrate Judge's findings that she did not exhaust her claims under the Privacy Act and Freedom of Information Act. *See* Objs. at 14–16. Plaintiff's objections do not demonstrate an error in the Magistrate Judge's finding that she did not comply with the applicable Privacy Act regulations, which is a jurisdictional requirement. *See* F&Rs at 11 (citing *Barouch v. U.S. Dep't of Just.*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013)). The court has also reviewed the letter plaintiff characterizes as a Freedom of Information Act request. The court agrees with the Magistrate Judge's assessment that this letter "lacks indicators that it is a FOIA request." F&Rs at 12; *see also In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) ("The government argues that due to the unusual way in which the FOIA was raised and the failure of the district court to require exhaustion, the government was not afforded an adequate opportunity to establish a FOIA exemption. Therefore, the purposes underlying the exhaustion doctrine were not achieved. We agree."). If other parts of the record demonstrate that plaintiff exhausted her FOIA claims, she may include appropriate allegations in her amended complaint.

Third, plaintiff objects to the Magistrate Judge's recommendation to dismiss her declaratory judgment claim. *See* Objs. at 17–19. The court agrees with the Magistrate Judge's recommendation not to exercise jurisdiction over this claim. Doing so would subvert the jurisdictional and exhaustion requirements imposed by the Civil Service Reform Act, Privacy Act, and Freedom of Information Act. *See Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) ("A district court, therefore, when deciding whether to exercise its jurisdiction

/////

under the Declaratory Judgments Act, must balance concerns of judicial administration, comity, and fairness to the litigants.").

Fourth, plaintiff argues her claims are not moot. The Magistrate Judge did not find her claims moot. It permitted her leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed September 9, 2022, are adopted;

2. Defendant's motion to dismiss, ECF No. 28, is granted and the complaint, ECF No. 1, is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint; and

4. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: October 11, 2022.

CHIEF UNITED STATES DISTRICT JUDGE