1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOYCE M. BURRUS,                        Case No.  2:20-cv-00845-KJM-JDP (PS)

12                 Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                              THAT DEFENDANT FOREST SERVICE'S
13             v.                             MOTION TO DISMISS BE GRANTED

14    U.S. DEPARTMENT OF                      ECF No. 40
      AGRICULTURE (USDA) FOREST
15    SERVICE, *et al.*,                      OBJECTIONS DUE WITHIN 14 DAYS

16                 Defendants.

17

18          Plaintiff Joyce M. Burrus brought this action against her former employer, the U.S. Forest

19   Service ("Forest Service") and several individual defendants in connection with various

20   employment, benefits, and pay-related disputes.  The court granted defendant Forest Service's

21   first motion to dismiss, ECF No. 28, and dismissed plaintiff's original complaint without

22   prejudice, ECF Nos. 34 & 37.  Plaintiff's first amended complaint renews only her Freedom of

23   Information Act claim against defendant Forest Service.  ECF No. 38.[1]  Defendant Forest Service

24   argues that plaintiff failed to exhaust her administrative remedies and moves to dismiss under

25   Rule 12(b)(6).  ECF No. 40.  I recommend that defendant's motion be granted and that this action

26   be dismissed with prejudice.

27   _____

28          [1] Plaintiff's original complaint also brought claims under the Privacy Act, the Declaratory
     Judgments Act, the Family and Medical Leave Act, and various federal regulations.  ECF No. 1.

**Background**

This case stems from a dispute between plaintiff and defendant Forest Service, a component of the United States Department of Agriculture ("USDA"), regarding plaintiff's employment, the payment of her health benefits, and debts assessed by the Forest Service for salary overpayments and unpaid healthcare premiums. ECF No. 38 at 2-3. The facts of that dispute are set out in detail in the undersigned's September 9, 2022 findings and recommendations, ECF No. 34, which were adopted by the court on October 11, 2022, ECF No. 37, but they are not essential to the resolution of the instant motion.

In the first amended complaint, plaintiff alleges that defendant Forest Service violated her rights under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), by failing to produce various records upon her request, ECF No. 38. She alleges that on October 30, 2018, she sent a letter to the Forest Service Director, Ted Gutman, that included a proper request for records under FOIA. *Id.* at 3-4, 8-13.[2] The portion requesting access to documents appears on page four of six and reads:

> I am requesting that the Agency provide an explanation as to the authorities that permitted the action/inactions taken against me while I was an approved participant in the Voluntary Leave Transfer Program. Additionally, please provide the Agency's supporting documentation (to include but not limited to reports such as Time and Attendance (T&A) reports, NFC generated reports, etc., and/or directives) that was relied upon to support the adverse actions taken against me and what corrective action(s), if applicable, the Agency plans to take.

*Id.* at 8.

Defendant Forest Service argues that plaintiff's October 2018 letter was not a proper FOIA request and that plaintiff therefore failed to exhaust her administrative remedies. ECF No. 40 at 4.

---

[2] The letter, which is attached to the complaint, indicates that it was also sent to the following individuals: Randy Moore, Regional Forester, USDA Forest Service, Pacific Southwest Region; Gene Blankenbaker, Deputy Director, ASC-HRM; Dwayne Brown, Supervisory HR Specialist (Pay); and Patrick Petracca, Program Manager (Benefits). ECF No. 38 at 8 & 13.

1                                                    **Legal Standards**

2           **A.**          **Rule 12(b)(6) Standards**

3          A complaint may be dismissed for "failure to state a claim upon which relief may be

4 granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a

5 plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

6 *Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff

7 pleads factual content that allows the court to draw the reasonable inference that the defendant is

8 liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

9 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it

10 requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*

11          For purposes of dismissal under Rule 12(b)(6), the court generally considers only

12 allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

13 subject to judicial notice, and construes all well-pleaded material factual allegations in the light

14 most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

15 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Dismissal

16 under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or

17 (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956.

18 Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.

19 *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

20          "A document filed pro se is to be liberally construed, and a pro se complaint, however

21 inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

22 lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

23                                                        **Discussion**

24          "FOIA requires federal agencies to disclose information to the public upon request."

25 *Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021) (citing 5 U.S.C.

26 § 552(a)(3)(A)). FOIA provides for a civil action, *id.* § 552(a)(4)(B), when "an agency has

27 (1) improperly; (2) withheld; (3) agency records," *Luis v. U.S. Dep't of the Interior*, No. 1:15-CV-

28 01412-LJO-EPG, 2016 WL 80631, at *2 (E.D. Cal. Jan. 7, 2016) (quoting *Kissinger v. Reporters*

1    *Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980)) (internal marks omitted).

2    "Exhaustion of a parties' administrative remedies is required under the FOIA before that party

3    can seek judicial review." *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986). "Exhaustion under

4    FOIA is a prudential rather than jurisdictional consideration." *Aguirre*, 11 F.4th at 725 (citing

5    *Yagman v. Pompeo*, 868 F.3d 1075, 1083-84 (9th Cir. 2017)). The FOIA exhaustion requirement

6    can be waived pursuant to a "constructive-exhaustion provision, under which requestors are

7    deemed to have exhausted their remedies when an agency misses a statutory deadline." *Id.* (citing

8    5 U.S.C. § 552(a)(6)(C)(i)).

9         "An agency's disclosure obligations are not triggered, however, until it has received a

10   proper FOIA request in compliance with [the agency's] published regulations." *Antonelli v. Fed.*

11   *Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) (citations omitted); *see also In re*

12   *Steele*, 799 F.2d at 466 (holding that administrative exhaustion requires the plaintiff to show that

13   she "request[ed] specific information in accordance with published administrative procedures")

14   (citations omitted). The USDA's FOIA regulations permit an individual to submit FOIA requests

15   (1) "in writing . . . to the designated component listed on the USDA's website that maintains the

16   records requested," (2) "electronically via USDA's online web portal," (3) by email to

17   "component FOIA offices as listed on the USDA public FOIA website," or (4) by "send[ing] a

18   request to the Departmental FOIA Officer." 7 C.F.R. §§ 1.3(a)(1)-(3). The regulations further

19   state that "[t]o facilitate the processing of a request, a requester should place the phrase 'FOIA

20   REQUEST' in capital letters on the front of their envelope, the cover sheet of their facsimile

21   transmittal, or the subject line of their email." *Id.* § 1.3(a)(4).

22        As explained in the court's order dismissing plaintiff's original complaint, ECF No. 37,

23   plaintiff's October 2018 letter lacks indicators that it is a FOIA request. Plaintiff's first amended

24   complaint fails to identify such indicators or provide additional allegations regarding her request;

25   rather, in her opposition, she rehashes her argument that "a person need not title a request for

26   government records a 'FOIA request.'" ECF No. 41 at 4 & 14 (citing *Ruotolo v. Dep't of Just.,*

27   *Tax Div.*, 53 F.3d 4, 10 (2d Cir. 1995), and *Stockton E. Water Dist. v. United States*, No. 2:08-

28   CV-0563-GEB-GGH, 2008 WL 5397499 at *2 (E.D. Cal. Dec. 19, 2008)). Plaintiff's cited

                                            4

1  authorities are inapposite.  In *Ruotolo*, the Second Circuit held that Department of Justice FOIA

2  regulations required the CIA to assist a requester in reformulating a FOIA request that was overly

3  broad or burdensome.  53 F.3d at 10 (citing 28 C.F.R. § 16.3(d)).  However, there was no dispute

4  that the plaintiff had made a FOIA request that otherwise complied with agency regulations.  *See*

5  *id.* at 8-11.  In *Stockton E. Water Dist.*, a judge from this district held, *inter alia*, that the

6  defendants "had no obligation to respond to [a] letter [sent by the plaintiff] because the letter was

7  not a proper FOIA request."  2008 WL 5397499 at *2 (citing *Thomas v. F.C.C.*, 534 F. Supp. 2d

8  144, 145 (D.C. Cir. 2008)).  The court observed that the plaintiff's request lacked a "confirmation

9  that the requester is willing to pay all fees," was not addressed to the agency's FOIA officer, and

10  did not include "the words 'FOIA REQUEST' prominently displayed on the request letter."  *Id.*

11  Thus, the court credited the defendants' contention that they had "perceived [the letter] to be part

12  of the longstanding and ongoing communications and litigation between [the plaintiff] and [the

13  agency]" rather than a request under FOIA.  *Id.* (internal marks omitted).

14       Like the letter in *Stockton E. Water Dist.*, plaintiff's letter was not a proper FOIA request

15  and so did not trigger defendant's disclosure obligations.  Plaintiff makes no allegation that she

16  identified her request as a "FOIA REQUEST" either in the body of the letter or at any time prior

17  to filing suit.  The letter describes itself as "a formal request for assistance" to resolve plaintiff's

18  employment, benefits, and pay-related disputes.  ECF No. 38 at 8 & 13.  It devotes several pages

19  to explaining the nature of the dispute, attributing wrongdoing to various Forest Service

20  employees and requesting remedies unrelated to any requests for documents.  The lone request for

21  documents appears on the fourth page of six, and is not limited to a request for documents.

22  Rather, it requests "an explanation as to the authorities that permitted the action/inactions taken

23  against [her]" and includes a request for "supporting documents . . . that was [sic] relied

24  upon . . . ."  *Id.* at 11.  Plaintiff does not allege that the letter—or any accompanying

25  communications—included "a statement indicating willingness to pay any applicable processing

26  fees."  7 C.F.R. § 1.3.  And nothing before the court suggests that any of the individuals to whom

27  she sent her letter were proper recipients of a FOIA request under 7 C.F.R. §§ 1.3(a)(1)-(3).

28       Since it is apparent that plaintiff made no "attempt to comply fully with agency

1   procedures," it would be improper to construe her letter as a FOIA request that triggered the

2   agency's obligations or FOIA's constructive-exhaustion provision.  *In re Steele*, 799 F.2d at 466

3   (explaining that the district court committed reversable error when it "construed [an] informal

4   discovery letter and subsequent motion for discovery as a FOIA request"); *see also Stein v. C.*

5   *Intelligence Agency*, 454 F. Supp. 3d 1, 22-23 (D.D.C. 2020) (holding that the defendant agency's

6   obligations under FOIA were not triggered by emails that "did not comply with the agency's

7   regulations for submitting FOIA requests"); *Stockton E. Water Dist.*, 2008 WL 5397499 at *2.

8   Thus, the first amended complaint fails to state a FOIA claim.

9       I recommend that the first amended complaint be dismissed without leave to amend.  In

10  her amended complaint, plaintiff has omitted several claims previously found insufficient, but she

11  has failed to improve her remaining allegations.  Neither her first amended compliant nor her

12  opposition to defendant's motion to dismiss give the court reason to believe that further

13  amendment could cure the deficiencies identified herein.  *See California Architectural Bldg.*

14  *Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying

15  leave to amend include undue delay, bad faith, prejudice, and futility."); *cf. Lopez v. Smith*, 203

16  F.3d 1122, 1131 (9th Cir. 2000) (en banc) (holding that district courts must afford pro se litigants

17  an opportunity to amend when it appears possible that they can correct the deficiencies in their

18  complaints).

19      Accordingly, it is hereby RECOMMENDED that:

20      1.  Defendant's motion to dismiss, ECF No. 40, be granted.

21      2.  Plaintiff's first amended complaint, ECF No. 38, be dismissed without leave to amend.

22      3.  The Clerk of Court be directed to close the case.

23      These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

28  objections shall be served and filed within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 12, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE